[Cite as *State v. Wilson*, 2019-Ohio-2596.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-37 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-126 |
| | : | |
| RONALD LEE WILSON, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of June, 2019.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

JOHNNA M. SHIA, Atty. Reg. No. 0067685, P.O. Box 145, Springboro, Ohio 45066
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant Ronald Lee Wilson, Jr.'s appointed counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The *Anders* brief states that counsel could not find any potentially meritorious issues to appeal. Following an independent review of the record, we agree with this assessment. As such, the judgment of the Champaign County Common Pleas Court will be affirmed.

**Facts and Procedural History**

{¶ 2} Wilson was indicted for aggravated possession of drugs (methamphetamine), a third-degree felony, receiving stolen property (a motor vehicle), a fourth-degree felony, and possession of drug paraphernalia, a fourth-degree misdemeanor. Each felony count included a one-year firearm specification. The drug paraphernalia count included a property forfeiture specification.

{¶ 3} Following negotiations, Wilson pleaded guilty to the felony counts; the firearm specifications and the drug paraphernalia count were dismissed. The State recommended completion of a presentence investigation (PSI) and further recommended, assuming the PSI did not reveal unknown past criminal conduct, that Wilson be sentenced to a term of community control sanctions (CCS). Because a prison term was presumed regarding the aggravated possession of drugs count, and consistent with the tentative CCS recommendation, the State agreed not to appeal a CCS sentence. As part of the agreement, Wilson withdrew a motion to compel discovery and a motion to suppress evidence. Finally, Wilson agreed to forfeit the firearm and drug paraphernalia involved in his offenses.

{¶ 4} A PSI was completed, and following a sentencing hearing, the trial court sentenced Wilson to a CCS term not to exceed five years. A number of CCS conditions were imposed, including that Wilson complete the program at the West Central Community Correctional Facility. This appeal followed, and counsel was appointed to represent Wilson. As noted, counsel has filed an *Anders* brief which includes a request that she be allowed to withdraw as counsel. We informed Wilson of the *Anders* brief and of his right to file a pro se brief within 60 days of the *Anders* notification. Wilson has not filed a brief.

### *Anders* Standard

{¶ 5} An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 300. An issue is not frivolous based upon the conclusion that the State will have a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is present when, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find there is any issue that is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel. *Id.* at ¶ 7, citing *Pullen*

### *Anders* Analysis

{¶ 6} We have reviewed the plea colloquy, which reveals the trial court's strict

compliance with Crim.R. 11. Further, the record fails to generate any concern that Wilson's plea was less than voluntary, knowing, and intelligent. Accordingly, we conclude that any argument attacking Wilson's plea on appeal would be without arguable merit.

{¶ 7} We have also reviewed Wilson's sentence. This review indicates the trial court conducted an appropriate sentencing hearing and sentenced Wilson to a term of CCS which included a number of conditions, including his completion of a community-based correctional program. Wilson, it would seem, cannot complain regarding the CCS sentence, and all of the CCS conditions were appropriate and within the trial court's discretion. Any argument to the contrary would be wholly frivolous.

{¶ 8} We have also reviewed the remaining record including all plea and sentencing entries and the PSI. This review has not revealed any potentially meritorious appellate issues.

## Conclusion

{¶ 9} We have found no non-frivolous issues for appellate review. Counsel's request to withdraw is granted, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and FROELICH, J., concur.

Copies sent to:

Kevin Talebi
Johnna M. Shia
Ronald Lee Wilson, Jr.

Hon. Nick A. Selvaggio